MiUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY,                           Docket No.: 24-cv-2123

                              Plaintiff,

                                                      **COMPLAINT**

   -against-

HELENE BRAUN, JACOB BRAUN, JONATHAN,
BRAUN, MIRIAM HURWITZ, and YITZCHOK WOLF,

                            Defendants.
------------------------------------------------------------------------X

Plaintiff, Allstate Insurance Company ("Allstate") by and through its attorneys, Lewis Johs Avallone Aviles, LLP, alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action. Allstate seeks a declaration that no insurance coverage is available under an Allstate Auto Policy issued to Helene Braun and Jacob Braun for the theft of a 2022 Lamborghini owned by Yitzchok Wolf and loaned to Jonathan Braun and Miriam Hurwitz.

## PARTIES

2. At all times hereinafter mentioned, Plaintiff, Allstate, was and is an insurance company duly organized and existing under and by virtue of the laws of the State of Illinois, and duly authorized to issue policies of insurance within the State of New York, including the policy at issue herein.

3. At all times hereinafter mentioned, Defendant, Helene Braun, was and is a natural person over the age of eighteen (18) years, currently residing at 4 Calle Lirior, Carolina, Puerto Rico, 00984, apartment 3.

4.      At all times hereinafter mentioned, Defendant, Jacob Braun, was and is a natural person over the age of eighteen (18) years, currently residing at 4 Calle Lirior, Carolina, Puerto Rico, 00984, apartment 3.

5.      At all times hereinafter mentioned, Defendant, Jonathan Braun, was and is a natural person over the age of eighteen (18) years, currently residing at 2115 Pacific Boulevard, Atlantic Beach, New York 11509.

6.      At all times hereinafter mentioned, Defendant, Miriam Hurwitz, was and is a natural person over the age of eighteen (18) years, currently residing at 2115 Pacific Boulevard, Atlantic Beach, New York 11509.

7.      At all times hereinafter mentioned, Defendant, Yitzchok Wolf, was and is a natural person over the age of eighteen (18) years, currently residing at 1001 S. Main Street, Kalispell, Montana 84095.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 as Plaintiff is a citizen of Illinois, Defendants Jacob and Helene Braun are citizens of Puerto Rico, Defendants Jonathan Braun and Miriam Hurwitz are citizens of New York and Defendant Yitzchok Wolf is a citizen of Montana.

9.      Venue of this action in this Court is proper pursuant to 28 U.S.C. §1391(1) as Defendants Jonathan Braun and Miriam Hurwitz reside in this District.

## BACKGROUND FACTS

10.     The instant declaratory judgment action arises out of the theft of a 2022 Lamborghini Urus owned by Yitzchok Wolf on or about October 29, 2022.

11. Prior to the theft, on or about June 15, 2022, Yitzchok Wolf had loaned the vehicle to Jonathan Braun pursuant to a Loaner Agreement. A true and accurate copy of the Loaner Agreement is annexed hereto as **Exhibit "A."**

12. At the time of the theft, Jonathan Braun was living with his wife, Miriam Hurwitz at 583 Grant Place, Cedarhurst, New York.

13. Upon information and belief, the Lamborghini, along with two other vehicles, was stolen from 583 Grant Place, Cedarhurst, New York, in the early morning hours of October 29, 2022.

14. After the theft, Jonathan Braun sought coverage for the Lamborghini under an Allstate Auto Policy issued to his parents, Jacob and Helene Braun.

15. At all relevant times, Jacob and Helene Braun resided in Puerto Rico.

16. Jacob and Helene Braun never resided at 583 Grant Place, Cedarhurst, New York.

17. After investigating the theft claim, Allstate denied coverage for the theft of the Lamborghini. A true and accurate copy of Allstate's denial of coverage is annexed hereto as **Exhibit "B."**

18. The Lamborghini has never been recovered.

## THE INSURANCE POLICY

19. Allstate issued an Auto Policy (Form AU131-3) with policy number ending in 2443 to Helene and Jacob Braun. A certified copy of the Allstate policy is annexed hereto as **Exhibit "C."**

20. The Allstate Policy was in effect at all times mentioned herein.

21. The Allstate Policy includes the following pertinent language:

> **Part I – Automobile Liability Insurance**
> **Bodily Injury – Coverage AA**
> **Property Damage – Coverage BB**
> **We** will pay for all damages an insured person is
> legally obligated to pay – because of **bodily injury** or
> property damage meaning:

(1) **bodily injury**, sickness, disease or death to any person, including loss of services; and

(2) damage to or destruction of property, including loss of use.

Under these coverages, **your** policy protects an insured person from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of an insured **auto**.

**We** will not pay any punitive or exemplary damages, fines or penalties under **Bodily Injury** Liability Coverage or Property Damage Liability Coverage.

**We** will defend an insured person sued as the result of an **auto** accident, even if the suit is groundless or false. **We** will choose the counsel. **We** may settle any claim or suit if **we** believe it is proper. **We** will not defend an **insured person** sed for damages which are not covered by this policy.

     \*  \*  \*

**Insured Persons**
(1) While using **your** insured **auto**:
 (a) **you**;
 (b) any **resident**; and
 (c) any other person using it with **your** permission.

(2) While using a non-owned **auto**:
 (a) **you**,
 (b) any **resident** relative using a four-wheel private passenger **auto** or **utility auto**.

(3) Any other person or organization liable for the use of an insured **auto** if the **auto** is not owned or hired by this person or organization.

**Insured Autos**
(1) Any **auto** described on the Policy Declarations. This includes the four-wheel private passenger **auto** or **utility auto you** replace it with.

(2) An additional four-wheel private passenger **auto** or **utility auto you** become the owner of during the

premium period.  This **auto** will be covered if **we** insure all other private passenger **autos** or **utility autos you** own.  **You** must, however, tell **us** within 60 days of acquiring the **auto**.  **You** must pay any additional premium.

(3) A substitute four-wheel private passenger **auto** or **utility auto**, not owned by **your** or a **resident**, being temporarily used while **your** insured **auto** is being serviced or repaired, or if **your** insured **auto** is stolen or destroyed.

(4) A non-owned **auto** used by **you** or a **resident** relative with the owner's permission.  This **auto** must not be available or furnished for the regular use of an insured person.

(5) A trailer while attached to an insured **auto**.  The trailer must be designed for use with a private passenger **auto** or **utility auto**.  This trailer can't be used for business purposes with other than a private passenger **auto** or **utility auto**.

**Definitions**

\*     \*     \*

(4) **"Resident"** – means a person who physically resides in **your** household with the intention of continuing residence there.  **We** must be notified of all residents of **your** household.  **Your** unmarried dependent children while temporarily away from home will be considered residents if they intend to resume residing in **your** household.

\*     \*     \*

(6) **"You"** or **"Your"** – means the policyholder named on the Policy Declarations and that policyholder's **resident** spouse.

\*     \*     \*

**Exclusions – What Is Not Covered**
This coverage does not apply to liability for:

\*     \*     \*

    (6) Injury to or destruction of property an insured person owns, is in charge of, or rents.  However, a private residence or a garage rented by that person is covered.

        \*       \*       \*

*See* Ex. C.

22. The Allstate Policy also affords Auto Comprehensive Insurance coverage, as provided in the following relevant language:

**Part V – Protection Against Loss To The Auto**
The following coverages apply when indicated on the Policy Declarations.  Additional payments, autos insured, definitions, exclusions, and other information applicable to all these coverages appear beginning on page 19.

        \*       \*       \*

**Auto Comprehensive Insurance – Coverage HH**
**We** will pay for loss to **your** insured **auto** or a non-owned **auto** not caused by collision.  Loss caused by missiles, falling objects, fire, theft or larceny, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, and riot or civil commotion is covered.  Glass breakage, whether or not caused by collision, and collision with a bird or animal is covered.

The deductible amount will not be subtracted from the loss payment for loss to window glass if full coverage is indicated as applicable on the Policy Declarations.

        \*       \*       \*

**Insured Autos**
(1) Any **auto** described on the Policy Declarations.  This includes the four-wheel private passenger **auto** or **utility auto you** replace it with if the **auto** being replaced has been insured for physical damage coverage for at least 12 months.  Coverage will apply to the replacement **auto** for three days beginning on the day **you** acquire it.  The three days shall be consecutive, but won't consider Saturdays, Sundays or legal holidays.  After this three day period, coverage won't apply until **you** tell **us** of the

    replacement **auto** and request coverage for it. **You** must pay any additional premium.

(2) An additional four-wheel private passenger **auto** or **utility auto you** become the owner of during the premium period. This **auto** will be covered if **we** insured all other private passenger **autos** or **utility autos you** own. **You** must, however, tell **us** of acquiring the **auto** and request coverage before coverage will be effective. **You** must pay any additional premium.

(3) A substitute four-wheel private passenger **auto** or **utility auto**, not owned by **you** or a **resident**, temporarily used with the permission of the owner while **your** insured **auto** is being serviced or repaired, or if **your** insured **auto** is stolen or destroyed.

(4) A non-owned four-wheel private passenger **auto** used by **you** or a **resident** relative with the owner's permission. This **auto** must not be available or furnished for the regular use of **you** or any **resident**.

(5) A trailer while attached to an insured **auto**. This trailer must be designed for use with a private passenger **auto.** This trailer can't be used for business purposes with other than a private passenger **auto** or **utility auto**. Home, office, store, display, or passenger trailers, **travel-trailers**, or **camper units** are not covered unless described on the Policy Declaration.

**Definitions**

    \*    \*    \*

(5) **"Resident"** – a person who physically resides in **your** household with the intention of continuing residence there. **We** must be notified of all residents of **your** household. **Your** unmarried dependent children while temporarily away from home will be considered residents if they intend to resume residing in **your** household.

    \*    \*    \*

(9) **"You"** or **"Your"** – means the policyholder named on the Policy Declarations and that policyholder's **resident**

spouse.

\*   \*   \*

*See*, Ex. C.

23. The Allstate Auto Policy only provides Comprehensive Coverage for loss or damage to an "insured auto." *See*, Ex. C.

24. The Allstate Auto Policy only provides Liability Coverage for loss arising out of the use or operation of an "insured auto" by an "insured person."

25. Helene Braun and Jacob Braun are the only named insureds listed on the Declarations Page of the Allstate Policy. *See*, Ex. C.

## AS AND FOR A FIRST CAUSE OF ACTION

26. Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if more fully set forth herein.

27. The Allstate Auto Policy only provides Comprehensive Coverage for loss or damage to "insured autos" and liability coverage for accidents arising out of the use of an "insured auto."

28. The Lamborghini is not listed on the Allstate Policy Declarations as an insured auto.

29. The Lamborghini was not obtained by Helene Braun or Jacob Braun as a replacement for a vehicle listed on the Allstate Policy Declarations.

30. Helene Braun and Jacob Braun did not become the owners of the Lamborghini within the relevant premium period of the Allstate Policy.

31. The Lamborghini is not a substitute auto being used while Helene Braun's or Jacob Braun's vehicles were being serviced or repaired or while they were stolen or destroyed.

32. The Lamborghini is not a trailer attached to an insured auto.

33. In order for a non-owned auto to qualify as an "insured auto" it must be used by the named insureds or a resident relative.

34. Helene Braun and Jacob Braun are the only named insureds on the Allstate Auto Policy.

35. Jonathan Braun and Miriam Hurwitz, are relatives of the named insureds but do not reside in their household.

36. The Lamborghini is not an "insured auto" as defined in the Allstate Policy.

37. Since the Lamborghini is not an "insured auto," the Allstate Auto Policy does not afford coverage for its theft.

## AS AND FOR A SECOND CAUSE OF ACTION

38. Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if more fully set forth herein.

39. The Allstate Auto Policy only provides liability coverage for the liability of "insured persons."

40. At the time of the theft of the Lamborghini, Jonathan Braun and Miriam Hurwitz were not named as insureds on the Allstate Policy Declarations.

41. At the time of the theft of the Lamborghini, Jonathan Braun and Miriam Hurwitz were not residents of Helene and Jacob Braun's household.

42. At the time of the theft of the Lamborghini, Jonathan Braun and Miriam Hurwitz were not liable for the use of an insured auto.

43. Jonathan Braun and Miriam Hurwitz do not qualify under any of the definitions of "insured person" in the Allstate Policy.

44. Since Jonathan Braun and Miriam Hurwitz are not insured persons under the Allstate Auto Policy, there is no coverage for their liability for the theft of the Lamborghini.

## AS AND FOR A THIRD CAUSE OF ACTION

45. Allstate repeats, reiterates and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

46. The Allstate Policy excludes liability coverage for injury or destruction of property an insured person owns, is in charge of, or rents. *See*, Ex. C.

47. Even if Jonathan Braun and Miriam Hurwitz were insured persons, liability coverage would be excluded for the theft of the Lamborghini, as it was property rented to Jonathan Braun and Miriam Hurwitz.

48. Allstate requests an Order from this Court declaring and adjudging that under and pursuant to the terms of the Allstate Auto Policy issued to Helene and Jacob Braun, there is no coverage for the theft of the Lamborghini.

49. The Plaintiff has no adequate remedy at law.

50. There is an actual dispute between the parties with respect to the rights and obligations pursuant to the policy of insurance issued to Helene and Jacob Braun.

**WHEREFORE**, it is respectfully requested that this Court issue an Order declaring and adjudging:

    a. There is no Comprehensive Coverage under the Allstate Auto Policy for the theft of the Lamborghini owned by Yitzchok Wolf;

    b. There is no coverage under the Allstate Auto Policy for the liability of Jonathan Braun and Miriam Hurwitz for the theft of the Lamborghini owned by Yitzchok Wolf;

    c. The Lamborghini is not an "insured auto" as that term is defined in the Allstate Auto Policy;

    d. Jonathan Braun and Miriam Hurwitz are not "insured persons" as that term is defined in the Allstate Auto Policy with respect to the theft of the Lamborghini; and

For such other and further relief as this Court deems just and proper.

Dated: Islandia, New York
       March 21, 2024

                           Yours, etc.,

                           LEWIS JOHS AVALLONE AVILES, LLP

By:    _____
                           Karen M. Berberich
                           *Attorneys for Plaintiff*
                           1377 Motor Parkway, Suite 400
                           Islandia, New York 11749
                           Tel: (631) 755-0101
                           Fax: (631) 755-0117
                           LJAA File No.: 0186.2736