The Law Offices of Jason J. Rebhun, P.C.
*Attorneys for Defendants/Counterclaimants*
40 Wall Street, Suite 1607
New York, NY 10005
(646) 201-9392
F: (646) 871-0035
Jason@jasonrebhun.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------X<br>ALLSTATE INSURANCE COMPANY,<br><br>           Plaintiff,<br> -against-<br><br>HELENE BRAUN, JACOB BRAUN, JONATHAN, BRAUN, MIRIAM HURWITZ, and YITZCHOK WOLF,<br>           Defendants.<br>------------------------------------------------------------X | Case 2:24-cv-02123-NJC-LGD<br><br>**ANSWER and COUNTERCLAIMS** |

   Defendants HELENE BRAUN, JACOB BRAUN, JONATHAN, BRAUN, MIRIAM HURWITZ, and YITZCHOK WOLF, by and through their counsel, The Law Offices of Jason J. Rebhun, P.C., in Answer to the Complaint filed by Plaintiff ALLSTATE INSURANCE COMPANY ("Plaintiff"), responds as follows and interposes the following Counterclaims in numerical sequence to the Plaintiff's allegations:

### **NATURE OF THE ACTION**

1. No formal response is necessary or required by law but to the extent required, Defendants deny the allegations set forth in paragraph(s) 1 of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph(s) 2 of the complaint.

1

3. Admits the allegation(s) set forth in paragraph(s) 3 of the Complaint.

4. Admits the allegation(s) set forth in paragraph(s) 4 of the Complaint.

5. Denies the allegations set forth in paragraph(s) 5 of the Complaint but admits that Jonathan Braun is over the age of eighteen and resides in New York.

6. Denies the allegations set forth in paragraph(s) 5 of the Complaint but admits that Miriam Hurwitz is over the age of eighteen and resides in New York.

7. Denies the allegations set forth in paragraph(s) 5 of the Complaint but admits that Yitzchok Wolf is over the age of eighteen and resides in New York.

## JURISDICTION AND VENUE

8. Denies in the form alleged all allegations contained in paragraph(s) 8 of the Complaint and refers all questions of law to the Court.

9. Denies in the form alleged all allegations contained in paragraph(s) 9 of the Complaint and refers all questions of law to the Court.

## BACKGROUND FACTS

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph(s) 10 of the complaint.

11. Denies in the form alleged all allegations contained in paragraph(s) 11 of the Complaint and refers all questions of law to the Court.

12. Admits the allegation(s) set forth in paragraph(s) 12 of the Complaint.

13. Admits the allegation(s) set forth in paragraph(s) 13 of the Complaint.

14. Denies in the form alleged all allegations contained in paragraph(s) 14 of the Complaint.

15. Admits the allegation(s) set forth in paragraph(s) 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph(s) 16 of the complaint.

17. Denies the allegations set forth in paragraph(s) 17 of the Complaint but admits that Allstate's adjuster which was assigned to the subject claim emailed Defendants' counsel on November 29, 2023 and stated:

    "Allstate will afford coverage for the loaner vehicle.

    Please confirm who the owner is and the contact person/phone number, so I can reach out them regarding settlement."

18. Admits the allegation(s) set forth in paragraph(s) 18 of the Complaint.

19. Denies the allegations set forth in paragraph(s) 19 of the Complaint but admits that Allstate issued an insurance policy which Allstate relied upon to settle the claims relating to the theft of two other vehicles which were stolen at the same time that the Lamborghini Urus was stolen that Allstate is now relying upon to disclaim coverage after reversing its decision to adjust that claim. Answering Defendants are unable to timely respond to the policy number or the copy produced by Allstate and to the extent a response is required for that portion of the allegation, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

20. Denies the allegations set forth in paragraph(s) 20 of the Complaint but admits that Allstate issued an insurance policy which Allstate relied upon to settle the claims relating to the theft of two other vehicles which were stolen at the same time that the Lamborghini Urus was stolen that Allstate is now relying upon to disclaim coverage after reversing its decision to adjust that claim. Answering Defendants are unable to timely respond to the policy number or the copy produced by Allstate and to the extent a response is required for that portion of the allegation,

Answering Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

21. To the extent that the document referred to by Plaintiff does not speak for itself, denies in the form alleged all allegations contained in paragraph(s) 21 of the complaint and refers all questions of law to the Court.

22. To the extent that the document referred to by Plaintiff does not speak for itself, denies in the form alleged all allegations contained in paragraph(s) 22 of the complaint and refers all questions of law to the Court.

23. To the extent that the document referred to by Plaintiff does not speak for itself, denies in the form alleged all allegations contained in paragraph(s) 23 of the complaint and refers all questions of law to the Court.

24. To the extent that the document referred to by Plaintiff does not speak for itself, denies in the form alleged all allegations contained in paragraph(s) 24 of the complaint and refers all questions of law to the Court.

25. To the extent that the document referred to by Plaintiff does not speak for itself, denies in the form alleged all allegations contained in paragraph(s) 25 of the complaint and refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

26. Defendants repeat, reiterate and reallege each and every allegation of this Answer with the same force and affect as if separately enumerated hereunder.

27. To the extent that the document referred to by Plaintiff does not speak for itself, denies in the form alleged all allegations contained in paragraph(s) 27 of the complaint and refers all questions of law to the Court.

28. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph(s) 28 of the complaint.

29. Admits the allegations set forth in paragraph 29 of the complaint.

30. Admits the allegations set forth in paragraph 30 of the complaint.

31. Denies in the form alleged all allegations contained in paragraph(s) 31 of the Complaint and refers all questions of law to the Court.

32. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph(s) 32 of the complaint.

33. Denies in the form alleged all allegations contained in paragraph(s) 33 of the Complaint and refers all questions of law to the Court.

34. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph(s) 34 of the complaint.

35. Denies in the form alleged all allegations contained in paragraph(s) 35 of the Complaint and refers all questions of law to the Court.

36. Denies in the form alleged all allegations contained in paragraph(s) 36 of the Complaint and refers all questions of law to the Court.

37. Denies the allegation(s) set forth in paragraph 37 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

38. Defendants repeat, reiterate and reallege each and every allegation of this Answer with the

same force and affect as if separately enumerated hereunder.

39. Denies in the form alleged all allegations contained in paragraph(s) 39 of the Complaint and refers all questions of law to the Court.

40. Denies in the form alleged all allegations contained in paragraph(s) 40 of the Complaint and refers all questions of law to the Court.

41. Denies in the form alleged all allegations contained in paragraph(s) 41 of the Complaint and refers all questions of law to the Court.

42. Denies in the form alleged all allegations contained in paragraph(s) 42 of the Complaint and refers all questions of law to the Court.

43. Denies in the form alleged all allegations contained in paragraph(s) 43 of the Complaint and refers all questions of law to the Court.

44. Denies in the form alleged all allegations contained in paragraph(s) 44 of the Complaint and refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION**

45. Defendants repeat, reiterate and reallege each and every allegation of this Answer with the same force and affect as if separately enumerated hereunder.

46. To the extent that the document referred to by Plaintiff does not speak for itself, denies in the form alleged all allegations contained in paragraph(s) 46 of the complaint and refers all questions of law to the Court.

47. Denies in the form alleged all allegations contained in paragraph(s) 47 of the Complaint and refers all questions of law to the Court.

48. No formal response is necessary or required by law but to the extent required, Defendants deny the allegations set forth in paragraph(s) 48 of the complaint and refers all questions of law to the Court.

49. No formal response is necessary or required by law but to the extent required, Defendants deny the allegations set forth in paragraph(s) 49 of the complaint and refers all questions of law to the Court.

50. Denies the allegation(s) set forth in paragraph 50 of the Complaint.

**WHEREFORE**, Defendants demand judgment and dismissal of the Complaint with prejudice, an award of attorney's fees, costs, and expenses of this action, and such other relief as the Court may deem equitable and just.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's remedies, if any, are limited to what is contained in the documents relied upon by Plaintiff.

2. The allegations set forth in Plaintiff's cause(s) of action fail to state a basis for which relief may be granted.

3. Plaintiff has failed to mitigate damages and Defendant will seek a reduction of any damages by the amount of damages Plaintiff could have mitigated.

4. If the damages were sustained by the Plaintiff at the time and place and in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of third-parties, and if any damages are recoverable against this defendant, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable

7

to third-parties bears to the culpable conduct which caused the damages.

5. If the injuries and damages were sustained by the Plaintiff at the time and place and in the manner alleged in the complaint, such damages and injuries are attributable, in whole or in part, to intervening, superceding causes to which the Defendant had no control.

6. The cause(s) of action set forth in the Complaint are barred by the applicable statute of limitations.

7. Defendants paid Allstate's insurance premium in full and reasonably expected that Allstate would insure and adjust the claim involving the theft of the Urus.

8. The language of the Allstate policy warrants a finding of insurance coverage to reimburse Counterclaimants for the theft of the Urus.

9. Allstate's conduct in handling the underlying Urus claim was in bad faith and Plaintiff's claims should be barred, in whole or in part, based on equitable principles.

10. Allstate agreed to insure/cover the claim and should not be permitted to reverse its position to disclaim coverage.

11. Plaintiff's actions are barred by the doctrines of waiver, estoppel, laches and/or ratification.

12. Plaintiff has failed to satisfy all conditions precedent to bringing this action.

13. The causes of actions asserted by Plaintiff are duplicitous and should be dismissed with prejudice.

14. Plaintiff has unclean hands with respect to this action and Plaintiff's claims should be barred, in whole or in part, based on equitable principles.

15. Plaintiff violated the implied covenant of good faith and fair dealing.

16. Plaintiff or the person or entity that assigned the claim to plaintiff waited too long to file this lawsuit, making it difficult or impossible for defendant to find witnesses or evidence to defend

the case.

17. Defendants have not knowingly or intentionally waived any applicable affirmative defense. Defendants reserve the right to assert and hereby give notice that they intend to rely upon such other defenses that may become available or apparent in discovery.

## AS AND FOR DEFENDANTS JONATHAN BRAUN and YITZCHOK WOLF'S COUNTERCLAIM

## NATURE OF THE ACTION

1. This is an action seeking damages due to Allstate Insurance Company's ("Allstate") breach of the automobile insurance policy between Defendants/Counterclaimants ("Counterclaimants"), (the "Policy") and specifically in relation to Allstate Claims Number 0734127244 (the "Claims").

2. On October 29, 2022, there were three vehicles stolen from Counterclaimants and Counterclaimant Braun's wife (Miriam Hurwitz): a 2022 Bentley Bentayga Speed bearing Vehicle Identification Number ending in ****4001 ("Bentley") and a 2021 Mercedes Benz G63 AMG bearing Vehicle Identification Number ending in ****4577 ("Mercedes").

3. At the time of the theft of the Bentley and the Mercedes, Counterclaimants were also victim to the theft of a vehicle owned by Counterclaimant Wolf and being used by Counterclaimant Braun: a 2022 Lamborghini Urus bearing Vehicle Identification Number ending in ****9608 ("Urus") (together the "Vehicles"), which was covered and insured under the Policy.

4. After considerable delay, and multiple individuals having submitted to Examinations Under Oath, Allstate adjusted the claims (claim numbers 0690405824 and 0690405279) involving the Bentley and the Mercedes and paid for the theft of both vehicles.

5. The terms of the relevant Policy confirm that the Urus should be covered and insured under the policy as:

> "A non-owned auto used by you or a resident relative with the owner's permission. This auto must not be available or furnished for the regular use of an insured person."

6. The Urus was owned by Counterclaimant Wolf and on loan to Counterclaimant Braun when it was stolen.

7. Counterclaimants have furnished Allstate with all the requested information and documents yet the claim involving the Urus has still not been adjusted.

8. The Allstate adjuster assigned to the Urus claim, Linda M. Branum, advised Counterclaimants' counsel by telephone and indicated that the Urus claim would be adjusted (paid) and that Ms. Branum was waiting for the valuation of the vehicle. On that call, Ms. Branum requested a formal title for the Urus (which was a difficult task given the theft of the subject vehicle).

9. By email dated November 29, 2023, the Allstate adjuster (Linda M. Branum), emailed Counterclaimants' counsel and stated:

> "Allstate will afford coverage for the loaner vehicle… Please confirm who the owner is and the contact person/phone number, so I can reach out them regarding settlement."

See <u>Exhibit 1</u>.

The Allstate adjuster was then put in touch with the owner (Counterclaimant Wolf) who provided Allstate with the information/documentation requested.

10. After that call, Counterclaimants' counsel and Ms. Branum exchanged email correspondence which confirmed the foregoing, specifically by email dated December 13, 2023, at 8:32 PM, which strongly confirms Counterclaimants' position and undermines Allstate's ultimate denial

of this claim, wherein Ms. Branum wrote:

> "Hello Jason
>
> I am out of the office this week. I will complete the evaluation report once I return next week and it will then be sent to upper management for review and approval.
>
> I am also working on the transfer of ownership documents that will be needed, since this vehicle hasn't been titled yet.
>
> I will be following up with Wolf Yitzchok as soon as I have authorization to present the value to him and I can tell him what documents we will need from him."

11. Additionally, Ms. Branum emailed the owner of the Lamborghini (Mr. Wolf) on December 19, 2023 and wrote:

> "I just spoke with our title department. We will not be able to settle the claim with you until you have a title in your name.
>
> You will need to take the Certificate of Origin to the NY DVM department to obtain a title.
>
> Please send me a copy of the title once you have received it."

12. Allstate's representations and instructions are in furtherance of adjusting and resolving the claim, not towards denying same.

13. Allstate could have easily advised Mr. Wolf that the Urus claim would be denied which would have saved the unnecessary task of securing title to a stolen vehicle which was a difficult undertaking (nonetheless accomplished).

14. Instead of advising Mr. Wolf to procure title through the motor vehicle department, Allstate could have indicated that it was still reviewing its coverage determination on this claim.

15. That Allstate led Mr. Wolf to reasonably believe that the claim will be "settle[d]" (again,

11

Allstate's word) only to reverse positions was improper and undertaken in bad faith.

16. By letter dated February 9, 2024, Allstate reversed course from the November 29, 2023 email and the foregoing communication when it denied coverage on the claim for the Urus though its denial was predicated upon a flawed and misinterpreted reading of the unambiguous language of the Policy.

17. By letter dated February 15, 2024, Counterclaimants countered Allstate's denial of the claim and raised Allstate's bad faith handling of the Urus claim.

18. Counterclaimants are thus entitled to $380,000.00 representing the replacement value of the Urus (which included "add-ons" to the Urus) as final adjustment of the Urus claim with Allstate.

## PARTIES

19. Counterclaimant Yitzchok a/k/a Isaac Wolf is an individual over eighteen years of age and resides in New York.

20. Counterclaimant Jonathan Braun is an individual over eighteen years of age and resides in New York.

21. The Urus was/is owned by Yitzchok a/k/a Isaac Wolf who loaned same to Counterclaimant Braun to drive.

22. The Urus is insured under the Policy based on the language of the Policy cited above.

23. Allstate is an active foreign business corporation authorized to do business in New York and is in the business of providing insurance coverage including but not limited to automobile insurance.

24. Allstate's insurance policy insured the Vehicles against loss, including theft.

## FACTS

25. Counterclaimants and the Urus were/are the insured(s) under the subject Policy whose applicable and relevant coverage period extends from June 15, 2022 through December 15, 2022.

26. The Policy premium was paid in full.

27. On or about October 29, 2022 at almost 4:00 a.m., while Counterclaimant Braun was asleep in the home that he rented with his family in Cedarhurst, NY (the "Premises"), the Bentley, Mercedes, and the Urus were stolen (the "Loss").

28. Counterclaimants, after being awoken from the sound of the vehicles' engines fleeing the Premises, immediately contacted the Police who arrived at the scene and ultimately produced Police Report under Case Report Number 2022CR402541.

29. After the Police concluded their investigation at the Premises, Allstate was contacted and the theft of the vehicles was reported. The three claims were then opened to be adjusted.

30. Pursuant to the terms of the Policy, Allstate is obligated to pay Counterclaimants the least of: "(1) the actual cash value of the property … at the time of loss, which may include a deduction for depreciation; or (2) the cost to repair or replace the property or part to its physical condition at the time of loss using parts …"

31. The replacement value for the Urus at the time of Loss was $380,000.00 plus taxes. This amount was due to both the scarcity of the Urus, the customizations, upgrades, options, and trim kit on the vehicle, the automotive market, and due to the fact that models of the vehicle for that year had not yet been released.

32. After the Claims were opened in October of 2022, Allstate advised that it needed extensive documentation from each of the insured individuals on the Policy, although only some of the insured under Allstate's Policy suffered the Loss.

33. The requested documents included financial information, residential information, proof of identification, and any purchase information related to the stolen vehicles. All of the insureds on the Policy provided everything (save for one who lives in Ohio and hasn't lived in New York in years) they could to help Allstate expeditiously adjust the Claims.

34. In addition to the requested documentation that was provided without contention, Allstate additionally requested each of the insured on the Policy to appear for an EUO, which they did.

35. Accordingly, Counterclaimants bring this claim seeking damages in the amount of $380,000.00 (plus applicable taxes), constituting the actual damages incurred by the Counterclaimants on the date of Loss.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT (THE SUBJECT AUTOMOBILE INSURANCE POLICY)

36. Defendants/Counterclaimants repeat, reallege, and reiterate, each and every allegation contained in paragraphs 1 through 35 as if fully set forth herein.

37. The Subject Policy constitutes a valid, binding, written Contract between the parties.

38. The Policy and premium related thereto were paid as Allstate did not and cannot disclaim coverage due to lack of payment.

39. In accordance with the Policy, Allstate agreed to insure the loss of the Urus.

40. That as a result of the Loss, Allstate was informed of the Loss and opened the Claims.

41. Allstate refuses to adjust the Urus claim and/or pay Counterclaimants for the loss of the Urus.

42. Allstate's adjuster initially advised Counterclaimants' counsel that the Urus claim would be covered though Allstate would soon change its position and deny coverage for the Urus claim.

43. Indeed, contrary to the language of the Policy, Allstate improperly denied coverage for the claim.

44. That due Allstate's refusal to adjust the claim and pay Counterclaimants for the loss of the Urus, Allstate breached the Policy.

45. That as a result of Allstate's breach, Counterclaimants suffered damages in the amount of $380,000.00, together with pre-judgment interest from October 30, 2022, plus taxes and any incidental and consequential damages due to Allstate's delay.

46. Additionally, given the bad faith and inexcusable delay by Allstate in adjusting the Claims, Counterclaimants request reimbursement of their attorneys' fees in connection with this matter in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/Counterclaimants pray for judgment in its favor as follows:

1. Dismissal of the Complaint with prejudice;
2. A finding that Allstate breached its policy with Defendants/Counterclaimants and are therefore liable to adjust the Urus claim and reimburse Defendants/Counterclaimants in the appropriate amount pursuant to the language of the relevant Policy;
3. Declaring that Allstate breached the Subject Policy, that Counterclaimants have performed their obligations under the Policy and granting judgment in favor of Counterclaimants for damages against Defendant in an amount to be determined at trial but in any event no less than $380,000.00 together with pre-judgment interest from October 30, 2022, plus taxes and reimbursement of Counterclaimants' attorneys' fees, together with the costs and disbursements of this action due to Allstate's bad faith in handling this claim
4. A finding that Allstate acted in bad faith in its handling of the Urus claim;
5. An award of attorney's fees, costs, and expenses of this action, and

6. Such other relief as the Court may deem equitable and just.

Dated: April 5, 2024
      New York, NY

      Yours, etc.

*Jason J. Rebhun*

LAW OFFICES OF JASON J. REBHUN, P.C.
*Attorneys for Defendants*
40 Wall Street, Suite 1607
New York, NY 10005
(646) 201-9392
F: (646) 871-0035
Jason@jasonrebhun.com



**jason rebhun <jason@jasonrebhun.com>**

# RE: [External] Claim No.: 0734127244
2 messages

**Allstate Insurance** <allstate@service01.email-allstate.com>                Wed, Nov 29, 2023 at 10:54 AM
Reply-To: claims@claims.allstate.com
To: "jason jasonrebhun.com" <jason@jasonrebhun.com>

      Claim **0734127244**



Hello Jason,

Allstate will afford coverage for the loaner vehicle.

Please confirm who the owner is and the contact person/phone number, so I can reach out them regarding settlement.

This is the information I have in my notes: BIANCA V LLC, 70 OLD AMBOY RD, TRENTON, NJ 80620 608-298-7750

                                            YITZCHOK WOLF 347-452-8027

Regards

LINDA M. BRANUM
Allstate Insurance Company
Phone: (425) 424-1422
Fax: (866) 447-4293