UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY,

                 Plaintiff,

-against-

HELENE BRAUN, JACOB BRAUN, JONATHAN,
BRAUN, MIRIAM HURWITZ, and YITZCHOK WOLF,

                 Defendants.

-----------------------------------------------------------------------X

Docket No.: 24-cv-2123

**ANSWER TO COUNTERCLAIMS**

Plaintiff, Allstate Insurance Company ("Allstate"), by its attorneys, Lewis Johs Avallone Aviles, LLP, as and for its Answer to the Counterclaims of Defendants, Jonathan Braun and Yitzchok Wolf, in their Answer to the Complaint, alleges as follows:

## NATURE OF THE ACTION

1. The allegations contained in paragraph numbered "1" contain a statement regarding the nature of the action to which no response is required. To the extent facts are alleged against Allstate, they are denied. Allstate refers all questions of law to this Honorable Court.

2. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "2" of Defendants' Counterclaims.

3. The allegations contained in paragraph numbered "3" of Defendants' Counterclaims contain legal conclusions to which no response is required. To the extent facts are alleged against Allstate, they are denied. Allstate refers all questions of law to this Honorable Court.

4. Allstate denies the allegations contained in paragraph numbered "4" of Defendants' Counterclaims, except admits that it adjusted the claims for the Mercedes and Bentley.

5. The allegations contained in paragraph numbered "5" of Defendants' Counterclaims contain legal conclusions to which no response is required. To the extent facts are alleged against Allstate, they are denied. Allstate refers all questions of law to this Honorable Court.

6. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "6" of Defendants' Counterclaims.

7. Allstate denies each and every allegation contained in paragraph numbered "7" of Defendants' Counterclaims.

8. Allstate denies each and every allegation contained in paragraph numbered "8" of Defendants' Counterclaims.

9. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "9" of Defendants' Counterclaims.

10. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "10" of Defendants' Counterclaims.

11. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "11" of Defendants' Counterclaims.

12. Allstate denies each and every allegation contained in paragraph numbered "12" of Defendants' Counterclaims.

13. Allstate denies each and every allegation contained in paragraph numbered "13" of Defendants' Counterclaims.

14. Allstate denies each and every allegation contained in paragraph numbered "14" of Defendants' Counterclaims.

15. Allstate denies each and every allegation contained in paragraph numbered "15" of Defendants' Counterclaims.

16. The allegations contained in paragraph numbered "16" of Defendants' Counterclaims contain legal conclusions to which no response is required. To the extent facts are alleged against Allstate, they are denied. Allstate refers all questions of law to this Honorable Court.

17. The allegations contained in paragraph numbered "17" of Defendants' Counterclaims contain legal conclusions to which no response is required. To the extent facts are alleged against Allstate, they are denied. Allstate refers all questions of law to this Honorable Court.

18. Allstate denies each and every allegation contained paragraph numbered "18" of Defendants' Counterclaims.

**PARTIES**

19. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "19" of Defendants' Counterclaims.

20. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "20" of Defendants' Counterclaims.

21. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "21" of Defendants' Counterclaims.

22. The allegations contained in paragraph numbered "22" of Defendants' Counterclaims contain legal conclusions to which no response is required. To the extent facts are alleged against Allstate, they are denied. Allstate refers all questions of law to this Honorable Court.

23. Allstate denies the allegations contained in paragraph numbered "23" of Defendants' Counterclaims, except admits that Allstate is an insurance company organized under the laws of the State of Illinois and duly authorized to conduct business in New York.

24. The allegations contained in paragraph numbered "24" of Defendants' Counterclaims contain legal conclusions to which no response is required. To the extent facts are alleged against Allstate, they are denied. Allstate refers all questions of law to this Honorable Court.

## FACTS

25. The allegations contained in paragraph numbered "25" of Defendants' Counterclaims contain legal conclusions to which no response is required. To the extent facts are alleged against Allstate, they are denied. Allstate refers all questions of law to this Honorable Court.

26. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "26" of Defendants' Counterclaims.

27. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "27" of Defendants' Counterclaims.

28. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "28" of Defendants' Counterclaims.

29. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "29" of Defendants' Counterclaims.

30. The allegations contained in paragraph numbered "30" of Defendants' Counterclaims contain legal conclusions to which no response is required. To the extent facts are

alleged against Allstate, they are denied. Allstate refers all questions of law to this Honorable Court.

31. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "31" of Defendants' Counterclaims.

32. Allstate denies the allegations contained in paragraph numbered "32" except that Allstate admits that it investigated the claims.

33. Allstate denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "33" of Defendants' Counterclaims.

34. Allstate denies the allegations contained in paragraph "24" of Defendants' Counterclaims but admits that its investigation included examinations under oath of several people.

35. The allegations contained in paragraph numbered "35" of Defendants' Counterclaims contain legal conclusions to which no response is required. To the extent facts are alleged against Allstate, they are denied. Allstate refers all questions of law to this Honorable Court.

**AS AND FOR DEFENDANTS' FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT (THE SUBJECT AUTOMOBILE INSURANCE POLICY)**

36. Allstate repeats and reiterates each and every denial heretofore made in regard to each and every preceding paragraph of Defendants' Counterclaims with the same force and effect as though more fully set forth at length herein.

37. Allstate denies the allegations contained in paragraph numbered "37" of Defendants' Counterclaims, except admits that the Subject Policy is a valid, binding and written contract between Allstate and the named insureds.

38. Allstate denies the allegations contained in paragraph numbered "38" of Defendants' Counterclaims, except admits that it did not deny coverage based on lack of payment of premiums.

39. Allstate denies each and every allegation contained in paragraph numbered "39" of Defendants' Counterclaims.

40. Allstate admits the allegations contained in paragraph numbered "40" of Defendants' Counterclaims.

41. Allstate denies the allegations contained in paragraph numbered "41" of Defendants' Counterclaims, except admits that it denied coverage for the Urus claim.

42. Allstate denies the allegations contained in paragraph numbered "42" of Defendants' Counterclaims, except admits that it denied coverage for the Urus claim.

43. The allegations contained in paragraph numbered "43" of Defendants' Counterclaims contain legal conclusions to which no response is required. To the extent facts are alleged against Allstate, they are denied. Allstate refers all questions of law to this Honorable Court.

44. The allegations contained in paragraph numbered "44" of Defendants' Counterclaims contain legal conclusions to which no response is required. To the extent facts are alleged against Allstate, they are denied. Allstate refers all questions of law to this Honorable Court.

45. Allstate denies each and every allegation contained in paragraph numbered "45" of Defendants' Counterclaims.

46. Allstate denies allegations contained in paragraph numbered "46" of Defendants' Counterclaims contain legal conclusions to which no response is required. To the extent facts are

alleged against Allstate, they are denied. Allstate refers all questions of law to this Honorable Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

47. Defendants' Counterclaims fail to state a claim against Allstate upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

48. The obligations of Allstate are defined, limited and controlled by the Allstate policy, including the coverages defined in the policy and the exclusions, conditions and other terms set forth in the policy, as well as the limits set forth in the policy.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

49. The claim is barred, in whole or in part, by the exclusions, limitations of liability and/or other terms, conditions and definitions contained in the Allstate insurance policy.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

50. The subject policy does not provide coverage for the Urus as it does not qualify as an insured auto as defined in the Allstate insurance policy.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

51. The subject policy does not provide coverage for the liability of Jonathan Braun as he does not qualify as an insured person under the policy.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

52. Defendants' claim for coverage under the Allstate policy is outside the scope of coverage and/or subject to the policy exclusions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

53. Allstate properly denied and disclaimed coverage for the Urus claim.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

54. Defendants fail to state a claim for bad faith claim handling against Allstate.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

55. Allstate reserves its right to supplement this answer and assert any and all affirmative defenses in the event further information becomes available, through discovery or further investigation.

**WHEREFORE**, plaintiff, ALLSTATE INSURANCE COMPANY, demands judgment dismissing the Defendants' Counterclaims herein, together with the costs and disbursements of this action.

Dated: Islandia, New York
April 30, 2024

Yours, etc.,

LEWIS JOHS AVALLONE AVILES, LLP

By: _____
Karen M. Berberich
*Attorneys for Plaintiff*
1377 Motor Parkway, Suite 400
Islandia, New York 11749
Tel: (631) 755-0101
Fax: (631) 755-0117
LJAA File No.: 0186.2736

TO:

Law Offices of Jason J. Rebhun, P.C.
*Attorneys for Defendants*
40 Wall Street, Suite 1607
New York, New York 10005